UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MASON GAGE MULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00135-SNLJ |
| ) | |
| MARK DOBBS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Mason Gage Mullis for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Instead, he has sent the Court what appears to be a computer printout of his account transactions. (Docket No. 4). While this includes a "personal balance," it does not actually provide the amount of each transaction or the opening balance of the account, meaning that there is not enough information for the Court to properly assess an initial partial filing fee. Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He states that he is a convicted and sentenced state prisoner, though at the time relevant to the complaint, he was a pretrial detainee. (Docket No. 1 at 3-4). Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming Sheriff Mark Dobbs, Jail Administrator Mike Jones, Jail Administrator Dave Light, Judge Thomas Swindle, Prosecutor Casey Proctor, Attorney James Keen, Correctional Officer

3

(CO) Samuel Unknown, and CO Francisco Vega as defendants. (Docket No. 1 at 1-2). Sheriff Dobbs and Jail Administrator Light are sued in their individual capacities only. (Docket No. 1 at 3-4). Plaintiff does not indicate the capacity in which the other defendants are sued. The complaint contains allegations that plaintiff was wrongfully held at the ERDCC while still a pretrial detainee.

In the "Statement of Claim," plaintiff asserts that on April 11, 2022, he was transferred from the Butler County Justice Center to the ERDCC while "still a pre-trial detainee [and] not D.O.C. property." (Docket No. 1 at 4). He states that he remained at the ERDCC until June 3, 2022. According to plaintiff, Officer Vega told him that defendants Dobbs, Light, and Jones "all sent" him to the ERDCC "because they were tired of holding D.O.C. property." (Docket No. 1 at 5).

Furthermore, plaintiff states that Judge Swindle, Attorney Keen, and Prosecutor Proctor "all let [him] stay in" the ERDCC between April 11 and June 3, 2022, even though "they knew [he] wasn't D.O.C. property." His grandmother called Attorney Keen to complain about his treatment as "D.O.C. property," but "[i]nstead of these 3 guys doing what they're [supposed] to do, and file motions to get [him] back to Butler County instantly…they pushed [his] court-date off 3 or 4 times."

Regarding Officer Samuel Unknown and Officer Vega, plaintiff contends that both "transported [him] to" the ERDCC "even when [he] told them [he] was not D.O.C. property."

As a result of his fifty-three days in the ERDCC as a pretrial detainee, plaintiff states that defendants "wrongfully gave [him] P.T.S.D.," and that he needs therapy. He therefore seeks $500,000 in damages. (Docket No. 1 at 6).

Subsequent to the filing of his complaint, plaintiff submitted a supplement that consists of three exhibits. (Docket No. 5). The Court has reviewed these exhibits and will treat them as part

4

of the pleadings.[1] The first exhibit is an "Adult Institutions Face Sheet" from the Missouri Department of Corrections. The Face Sheet indicates that plaintiff had been convicted in *State of Missouri v. Mullis*, 21BT-CR00956-01 (36th Jud. Cir., Butler County), but that his case had been reversed and remanded for retrial.[2] The second exhibit is a circuit court order in *State of Missouri v. Mullis*, 21BT-CR00956-04, showing that plaintiff entered a guilty plea to one count of armed criminal action on July 18, 2022, in exchange for several other charges being dismissed. The court order also indicates that plaintiff was sentenced to six years in the Missouri Department of Corrections. The final exhibit is a Butler County Sheriff's Office document dated July 22, 2022, indicating the dates in which plaintiff was incarcerated in the Butler County Justice Center.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, claiming that he was transferred to the ERDCC while still a pretrial detainee. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal. Rather than dismissing outright, however, the Court will direct plaintiff to file an amended complaint.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

[2] The Court has been unable to review this case on Case.net, Missouri's online case management system. Thus, it is unclear when plaintiff was convicted, when his conviction was reversed and remanded, and why his conviction was reversed and remanded.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for three reasons. First, the individual capacity claims against Sheriff Dobbs and Jail Administrator Light do not establish their personal responsibility for violating his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Instead of presenting any facts as to what Dobbs and Light each did or did not do, plaintiff merely states that they – along with Jail Administrator Jones – "all sent [him] to" the ERDCC. This is not sufficient to demonstrate that Dobbs and Light were directly responsible for a constitutional violation.

As to the remaining defendants, plaintiff does not indicate the capacity in which they are sued. Thus, the claims against them are treated as being made in their official capacities only. *See Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"). An official capacity claim against an individual is actually a claim against the individual's employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself"). In this case, though, plaintiff has not presented any facts demonstrating the liability of Butler County. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that municipal liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Finally, even if defendants Samuel, Vega, Proctor, Swindle, and Keen had been sued in their individual capacities, plaintiff has not stated claims against them. With regard to Judge

Swindle, plaintiff's claim is barred by judicial immunity. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (stating that judicial immunity provides a judge with immunity from suit). Likewise, Prosecutor Proctor is entitled to prosecutorial immunity. *See Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982) (stating that prosecutors are immune from 42 U.S.C. § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties). Meanwhile, plaintiff cannot sue his defense attorney, because a defense attorney is not acting under color of state law for purposes of 42 U.S.C. § 1983. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). Regarding Jail Administrator Jones, CO Samuel Unknown, and CO Vega, plaintiff has not presented any facts showing that they were personally responsible for a constitutional violation.

For all these reasons, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e). Because plaintiff is a self-represented litigant, however, he will be given the opportunity to file an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions when preparing his amended complaint.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must

name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). He may add additional sheets of paper as necessary.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v.*

8

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

9

### C. Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, the Court has determined that plaintiff's complaint is subject to dismissal, and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 21st day of December, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE