**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MASON GAGE MULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-00135-SNLJ |
| | ) |
| MARK DOBBS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On December 21, 2022, the Court ordered plaintiff Mason Gage Mullis to file an amended complaint within thirty days. (Docket No. 6). More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. On October 13, 2022, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, naming Sheriff Mark Dobbs, Jail Administrator Mike Jones, Jail Administrator Dave Light, Judge Thomas Swindle, Prosecutor Casey Proctor, Attorney James Keen, Correctional Officer (CO) Samuel Unknown, and CO Francisco Vega as defendants. (Docket No. 1). Sheriff Dobbs and Jail Administrator Light were sued in their individual capacities only. Plaintiff failed to indicate the capacity in which the other defendants were sued. The complaint contained allegations that plaintiff was wrongfully held at the ERDCC for fifty-three days while still a pretrial detainee.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On December 21, 2022, the Court granted the motion, and assessed an initial partial filing fee. (Docket No. 6). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915.

Based on its initial review, the Court determined that plaintiff's complaint was subject to dismissal for three reasons. First, the Court noted that plaintiff failed to state individual capacity claims against Sheriff Dobbs and Jail Administrator Light, as he presented no facts showing their direct responsibility for a constitutional violation. Second, as plaintiff had not asserted the capacities in which the remaining defendants were sued, the Court was required to assume they were sued in their official capacities only, and treat the claims as being made against their employer, Butler County. Plaintiff, however, had failed to establish the liability of the county by demonstrating an unconstitutional policy, custom, or failure to train. Finally, even if these defendants were treated as being sued in their individual capacities, plaintiff had not alleged sufficient facts to hold them responsible for violating his constitutional rights. Indeed, Judge Swindle and Prosecutor Proctor were immune from suit, while Attorney Keen was not acting under color of law. Meanwhile, plaintiff failed to assert that defendants Jones, Samuel Unknown, or Vega acted in an unconstitutional manner.

Rather than dismissing outright, the Court directed plaintiff to file an amended complaint. He was sent a copy of the Court's prisoner civil rights form, and given instructions on how to properly amend. The Court gave plaintiff thirty days in which to comply, and advised him that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

On December 29, 2022, the Court received a letter from plaintiff requesting a status update on his case. (Docket No. 7). The letter was dated December 22, 2022, the day after the Court issued its order to amend. In response to the letter, the Clerk of Court sent plaintiff an updated copy of the docket sheet. The Court has received no other communications from plaintiff.

**Discussion**

Even though he is proceeding as a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law"). Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id*. (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

In this case, as set forth above, plaintiff was ordered to file an amended complaint on a Court form on December 21, 2022. He was given thirty days in which to comply. The amended complaint was due on or before January 20, 2023. In the order, plaintiff was warned that his failure to file an amended complaint would result in the dismissal of this action without prejudice and without further notice.

3

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given him substantially more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor has he sought an extension of time in which to do so. The only communication the Court has had with plaintiff is a request for a status update that was sent the day after the Court's December 21, 2022 order. The Clerk of Court responded to that request with an updated docket sheet, but the Court has received nothing further.

Because plaintiff has not filed an amended complaint pursuant to the Court's order of December 21, 2022, and has not requested an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of December 21, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 9th day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE